FILED
IN CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

2003 DEC 12 A 10: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| CHABAD-LUBAVITCH OF GREATER MILFORD, INC. <br><br> Plaintiff <br><br> v. <br><br> THE TOWN OF HOLLISTON and ANDREW PORTER, individually <br><br> Defendants | CIVIL ACTION NO:____ <br><br> 03-40278 |

# COMPLAINT
(For Declaratory and Injunctive Relief)

## INTRODUCTION

This action concerns the conduct of the Town of Holliston and its elected officer in prohibiting the Plaintiff from placing a menorah in public place in Holliston during the holiday of Chanukah. Nothing in the by-laws of the Town of Holliston prevent such placement. The Town of Holliston by Defendant, Andrew Porter has informed the Plaintiff that the Town of Holliston has decided not to allow holiday displays on public spaces within the Town of Holliston this year.

However, the Town of Holliston has placed Christmas decorations on Town Hall, the Police Station and the Fire Station and other public places.

The decree by the Defendants therefore not only violates the by-laws of the Town of Holliston, but also violates constitutionally protected rights of free speech protected by the First Amendment of the United States Constitution as binding on the Town of Holliston by the Fourteenth Amendment of the United States Constitution- to-wit, that a town may not regulate

RECEIPT # _____ 4843 32
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. SL
DATE 12-12-03

the content of speech in public spaces other than reasonable restriction for time, place and manner and that a town may not restrict speech on the basis of religious content in the absence of a compelling basis for such restrictions. The fact that content is being provided by a religious group has been deemed not be a compelling interest, specifically where the town permits certain other faiths to demonstrate content in the public space.

The Plaintiff seeks declaratory relief that the conduct of the Defendants not only violates the by-law of the Town of Holliston, but also the constitutionally protected free speech rights of the Plaintiff, and requests injunctive relief consistent with this declaration.

## JURISDICTIONAL AUTHORITY OF THE COURT

1. This action is brought pursuant to 28 U.S.C. §§ 1331 and 1343, and 28 U.S.C. §§ 2201,2202, 42 U.S.C. §§ 1983, 1985 and the First and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction specifically delegated to it by act of the United States Congress, as well as its jurisdiction based upon violations of the First and Fourteenth Amendment of the United States Constitution. This action seeks to redress the deprivation under State and federal law of rights, privileges, and immunities secured by the United States Constitution and the laws of the United States.

## THE PARTIES

2. The Plaintiff, Chabad-Lubavitch of Greater Milford, Inc. ("the Plaintiff") is a non-profit corporation with a principal place of business at 85 Cedar Street in Milford, Worcester County, in the Commonwealth of Massachusetts. The Plaintiff is a member synagogue affiliated with the

Chabad-Lubavitch. The Plaintiff's business consists of providing outreach and services to the Jewish community, as well as providing education about Jewish beliefs, traditions and cultural practices to the general population in order to foster understanding of these beliefs, traditions and cultural practices.

3. Defendant, Town of Holliston ("the Municipal Defendant") is a municipality with a principal place of business at 703 Washington Street, Holliston, in Middlesex County in the Commonwealth of Massachusetts. The Municipal Defendant is a political subdivision of the Commonwealth of Massachusetts.

4. Defendant, Andrew Porter ("the Individual Defendant") is an elected Selectman of the Municipal defendant, with a principal place of business at 703 Washington Street in Holliston, Middlesex County in the Commonwealth of Massachusetts.

## BACKGROUND

5. As part and parcel of the Plaintiff's program of public outreach, the Plaintiff illuminates a menorah each year on public property in communities in close proximity to its facilities in Milford. This practice is consistent with similar activities performed by Chabad synagogues throughout the world. A menorah has been illuminated on public property in the past, including in 1987 when a menorah was illuminated in front of Holliston Town Hall by the Chabad Center of Natick. See, Exhibit A.

6. The holiday of Chanukah celebrates a military victory by Jewish troops led by one Judah Maccabee during the time of Hellenist oppression against minority faiths. The story of Chanukah relates that this small band of soldiers defeated a significantly larger military force that had defiled Jewish religious sites. One of the portions of the story of Chanukah tells that the Jewish

3

people only found enough oil for the temple menorah to burn for one day, but that, by a miracle, the light burned for eight days.

7.      The message of Chanukah is timeless. It is a story of perseverance against overwhelming odds, and of triumph of religious freedom over tyrannical suppression. It is a story that draws stark distinctions between the light (symbol of freedom) and the dark (symbol of oppression). While the Chanukah story focuses on the miracle of the oil, the menorah expresses a universal and timeless message of hope for peace, justice and freedom for modern times.

## BACKGROUND TO THE DISPUTE BEFORE THE COURT

8.      Consistent with its practices and policies, the Plaintiff informed the Town of Holliston of its intention to place a menorah in front of the Town Hall in Holliston during the 2003 Chanukah holiday.

9.      Nothing in the by-laws would preclude the Plaintiff from placing the menorah in a public space. The by-laws, which simply relate normal, reasonable and constitutionally appropriate restrictions of time, place and manner for expression in public spaces, is attached hereto as Exhibit B.

10.     Notwithstanding by-laws that permit the activity planned by the Plaintiff, the Defendants have declined to permit the activity in the public space.

11.     On or about December 9, 2003, Defendant, Andrew Porter left a voice mail message on the Plaintiff's answering machine stating that the Municipal Defendant had established a policy of barring holiday displays from town property.

12.     Such a policy, barring the speech rights of a religious organization, does not exist within the by-laws of the Town of Holliston. In addition, it is apparent that the restriction on expression

is limited to Jewish expression. The Fire Department on Central Street displays Christmas wreaths, as well as an illuminated plastic Santa Clause display. The Police Station on Washington Street is similarly decorated. Town Hall itself is decorated with wreaths, candy canes and Christmas stockings. The Holliston High School Parents Club is advertising on public spaces for a fundraiser, the sale of Christmas trees.

13. Any restrictions on expression during this holiday season, therefore, are not only contrary to the by-laws, but also not content neutral. The so-called ban on holiday displays of expression is, apparently, limited to the Jewish content of the expression denied access to the public space.

14. Notwithstanding repeated requests by the Plaintiff that it be allowed to express itself in the public space and that the town of Holliston abide by its own by-law, the town of Holliston has declined to conform its conduct to constitutional requirements.

15. The First Amendment states, in relevant part, that "Congress shall make no law … abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble…"

16. The Fourteenth Amendment states, in relevant part, that "no state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States…nor deny to any person within its jurisdiction the equal protection of the laws."

17. In this instance, there is no by-law on the books of the Town of Holliston that violate the specific constitutional requirements of the United States Constitution.

18. In this instance, the conduct of the town of Holliston violates the specific constitutional protections by acting in a manner that violates not only the written by-laws of the Municipal Defendant, but also the constitutional protections afforded by the First Amendment as applied to the states and their municipal subdivisions under the Fourteenth Amendment.

19. By declaring that the Plaintiff may not engage in speech based upon the specific, Jewish content of that speech during a particular season, in a manner than is clearly not content neutral, the Defendants have violated the constitutional rights of the Plaintiff.

20. The Defendants cannot identify a compelling interest in limiting the expression of speech of the Plaintiff so as to justify, in any way, the constitutional deprivation imposed. Indeed, prior practice demonstrates that the Plaintiff's conduct creates no disturbance, breach of peace or other harm that would bring the conduct within the penumbra of time, place and manner restrictions of the town by-law.

21. As a result of the violation of constitutional protections, the Plaintiff has been harmed.

WHEREFORE, the Plaintiff requests as follows:

1. That this Honorable Court declare that the conduct of the Defendants described herein, of barring the Plaintiff from expressing itself in the town of Holliston in a public place based upon the content of the expression, be declared to unlawfully and unconstitutionally deny the Plaintiff their rights under First Amendment of the United States Constitution and otherwise deny the Plaintiff and members of the class of the privileges and immunities of citizenship under the Fourteenth Amendment of the United States Constitution, and declare that the practice of so-limited public speech in the absence of compelling reason constitutes an absolute violation of the constitutional rights of the Plaintiff;

2. That this Honorable Court declare that the Defendants, acting outside the color of law, in conspiracy and with intent to harm, did deny the Plaintiff constitutionally protected rights in violation of 42 U.S.C. §§ 1983, 1985;

3. That the town of Holliston be permanently enjoined from such conduct;

4. That based upon the willfulness of the Defendants in refusing to comply with the law, that this Honorable Court retain original jurisdiction over this matter to review all future endeavors by the Town of Holliston and its elected officers to violate the free speech rights of the Plaintiff for compliance with the Court's Order in this matter;

5. That the Town of Holliston and the Individual Defendant be required to pay the reasonable attorney's fees and costs to the Plaintiff consistent with this claim to redress constitutional deprivations; and

6. any further relief deemed appropriate by this Court.

Respectfully Submitted,
**The Plaintiff**

By its attorney,

Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Dated: December 12, 2003

Town of Holliston

engine blocks, building materials, such as wood greater than six (6) feet long and greater than sixty (60) pounds, earth, stones, tree trunks, large tree limbs, hazardous materials and auto batteries.

In addition, and in accordance with the following schedule, the following recyclable materials shall be removed from the solid waste stream and recycled in accordance with procedures for recycling established by the Board of Selectmen:

> July 1, 1991 - newspapers, glass, aluminum containers and high density polyethylene (HDPE) containers.
>
> January 1, 1992 - leaves, tires and white goods.
>
> January 1, 1993 - compostable yard waste and recyclable metal containers.
>
> January 1, 1995 - recyclable paper and single polymer plastics.

**Section 3.** There shall be established a Recycling Committee consisting of seven (7) members appointed in May by the Board of Selectmen for a term of three (3) years each and so appointed that the term of not more than three (3) nor less than two (2) shall terminate in any one (1) year. The Committee shall be responsible for the coordination of recycling efforts within the Town. The Recycling Committee shall make recommendations to the Board of Selectmen, who shall establish and amend procedures and programs for the collection and disposal of recyclable materials.

The Committee shall elect from its membership in May of each year, a Chairman, Vice-Chairman and Secretary. The Committee shall submit an Annual Report to the Board of Selectmen for inclusion in the Annual Report of the Town. (Approved 7/24/91.)

## ARTICLE XVIII
## PUBLIC WAYS AND PLACES

**Section 1.** No person over twelve (12) years of age shall operate any cycle or similar vehicle upon any sidewalk.

**Section 2.** A person shall be guilty of disorderly conduct if:

a. his or her presence in a public place is unlawful because he or she:

> (1) engages in a course of abusive or offensive language, gestures or conduct toward a person in a public place under circumstances in which the person reasonably fears imminent injury to his or her person or property; or
>
> (2) obstructs vehicular or pedestrian passage on a public way; or
>
> (3) fouls a public way by willfully defecating, urinating or expectorating on it; or
>
> (4) makes an unreasonably loud noise which disturbs others; and

Town of Holliston

    b. a police officer informs such person of the circumstances which render his or her presence in the public place unlawful according to one or more of the standards enumerated in subsection a. and orders him or her to move; and

    c. he or she refuses to do so.

As used in this Section "public place" shall mean a place to which the public at large or a substantial group has access including a public way and "public way" shall mean any public highway or sidewalk, private way dedicated to public use and any way or parking lot upon which the public has a right of access or has access as invitees or licensees.

**Section 3.** The Superintendent of Streets, for the purpose of removing or plowing snow or removing ice from any way, may remove or cause to be removed to a public garage or some other convenient place any vehicle interfering with such work and the owner thereof shall be liable in contract to the Town for all reasonable costs of such removal and storage.

**Section 4.** No person shall operate for recreational purposes a snowmobile, motorcycle, minibike, all terrain vehicle (ATV's), or any other motor driven vehicle, on or through the land of another, without first obtaining written permission from the property owner or tenant.

All such vehicles must be equipped with an operating exhaust muffler that meets or exceeds the current state standards for sound suppression. The operation of such vehicles, except when registered for highway use shall be limited to the hours from 8 o'clock in the morning to 11 o'clock in the evening, unless a special permit is obtained from the Board of Selectmen. The operation of such vehicles on Town owned property is permitted only on those areas designated for the purpose by the appropriate authority.

**Section 5.** No person shall drink or consume any alcoholic beverages, as defined in General Laws, Chapter 138, Section 1, as amended, while in, on or upon any public way, public park, playground, recreation or conservation area, or private way or area to which the public has a right of access as invitees or licensees, without the consent of the authority responsible for the maintenance and protection thereof, if public, or the owner or person in control thereof, if private. All alcoholic beverages used in violation of this by-law shall be seized as evidence of the offense and safely held until final adjudication of the complaint against the person or persons charged, at which time the evidence seized shall be returned to the person or persons entitled to lawful possession. Any person convicted of a violation of this Section shall be punished by a fine of no less than $20.00 for the first offense and a fine of no less than $50.00 for a second or subsequent offense committed during any twelve-month period. Any person who violates this Section may be arrested by a police officer without a warrant if the violation occurs in the presence of the officer.

**Section 6.** Except in an emergency, no person shall park or leave parked on a public way between the hours of 9:00 P.M. and 7:00 A.M. a truck cab, a truck trailer or a truck which weighs unloaded 2 1/2 tons or more. If such prohibition causes a substantial hardship to any person, the Selectmen, after a public hearing, may grant desirable relief and may impose limitations both of time and use, providing such relief is made without substantial detriment to the public good and without creating a nuisance or devaluation of surrounding property.

Town of Holliston

making any assessment, the Assessors shall use their best skill and judgement, and shall assess all taxable property truly and impartially, neither overvaluing nor undervaluing.

**Section 5.** All applicants for a tax abatement shall be treated in a fair manner and, if such applicant requests in writing, shall be given a reasonable opportunity to present, in person, his or her case for abatement before the board.

## ARTICLE XI
## PARK COMMISSION

**Section 1.** The Town shall have a Park Commission, consisting of five (5) members, elected for a term of three (3) years each, and so elected that the term of no more than two (2) shall expire in any one (1) year. At the first election after enactment of this by-law, two (2) commissioners shall be elected for a term of three (3) years and one commissioner for a term of two (2) years.

**Section 2.** The Park Commission shall have the over-all supervision and administration of recreational programs and facilities conducted and maintained by the Town.

**Section 3.** No person shall damage or destroy any real or personal property belonging to the Town and under the jurisdiction of the Park Commission.

**Section 4:** No person shall within any park or playground area:

    a.    break any glass or throw any stone or missile;

    b.    have possession of or discharge any destructive weapon, firearm, fireworks, torpedo or explosive, except by written permission of the Park Commissioners;

    c.    make a fire except where allowed by the Park Commissioners;

    d.    paint, or affix any sign, notice, circular, program, placard or other advertising device except by written consent of the Park Commissioners;

    e.    drop or place and suffer to remain any piece of paper, garbage or other refuse, except in the receptacles designated therefor, nor throw a lighted match, cigar, cigarette or other burning substance in said receptacles or upon the ground; or

    f.    bring or cause to be brought within any area under the control of said Park Commissioners any garbage, refuse or material for the sole purpose of depositing same within said receptacles.

**Section 5.** No person shall refuse or neglect to obey any rule, posted by sign, concerning the use of any area under the care and control of the Park Commissioners.

**Section 6.** No person shall operate a boat on Lake Winthrop, which is powered by an internal combustion engine except as approved by the Park Commission for safety or rescue purposes.

Town General By-laws                              11
09/12/03

# Wayland, Sudbury

WAYLAND — Wayland resident Sanford Rosenzweig did not have much interest in traditional Judaism until his father died. At that time, Rosenzweig decided that he [...]

man. But informal education, such as the public lightings of the traveling Chanukah menorah at Wayland and Sudbury Town Halls, is being sponsored by the Natick Chabad Center as well. Fogelman hopes that regular services on Saturday and Sunday will begin within a few months.

The Chabad Lubavitch Hasidic movement started in Russia 200 years ago, said Fogelman. The name Chabad is drawn from the acronym of three Hebrew words; Chochma or wisdom, Binah or understanding, and Daas or knowledge, he said. "Lubavitch, the name of the town in White Russia (where the movement started), means love," Fogelman said. The two words put together spell out the essence of this Hasidic movement, according to Fogelman. "It means all the intellectual forces brought out into love and actuality," he said.

Fogelman said that a Chabad Center was established in Natick because there were Jews in the area. "There's a large Jewish community here and a large amount of work that can be done," he said. According to Fogelman, there are presently 20 to 25 families, including some from Sudbury and Wayland, involved with the Chabad Center in Natick.

The Chabad Center is open and available to all, said Fogelman. "It's free for anyone to come in, it's for anyone who wants to know anything" about Judaism, he emphasized. "People can drop in anytime," added his wife, Chanie [...]

"The whole idea of Chabad, in general, is education," said Fogelman, who described his center, which opened in October, as part of a Jewish Hasidic movement whose concerns include making Jews aware of their religious heritage. "We're into educating Jews about being Jewish," said Fogelman.

**Formal classes**

This education will include formal classes in Jewish religion, the Torah, Hebrew prayer and other subjects, noted Fogel[man...]

Chabad Celebrates Chanukah at the Sudbury Town Hall – Eighth night of Chanukah – Tues., Dec. 22, 1987

Chabad Celebrates Chanukah at the Holliston Town Hall – First Night of Chanukah – Tues. Dec. 15, 1987

[...] higher or lower

The Menorah candles, while some oil. When light made wicks can be homemade by absorbent cotton in [...]

866-48-TORAH
(718) 613-1111
oraitainc@aol.com

3 - 25 oz. pasta
1 lb. $25 (incl. shipping)
FedEx

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

03 - 40278

FILED
2003 DEC 12  A 10: 27
U.S. DISTRICT COURT
DISTRICT OF MASS

1. Title of case (name of first party on each side only) _Chabad Lubavitch of Greater Milford, Inc v. Town of Holliston et al_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _✓_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                        YES  ☐      NO  ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                                                        YES  ☐      NO  ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                        YES  ☐      NO  ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                        YES  ☐      NO  ☒

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                        YES  ☐      NO  ☒

   A. If yes, in which division do _all_ of the non-governmental parties reside?

      Eastern Division  ☐        Central Division  ☐        Western Division  ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division  ☐        Central Division  ☒        Western Division  ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                        YES  ☐      NO  ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Robert N Meltzer
ADDRESS           PO Box 1459 Framingham MA 01701
TELEPHONE NO.     508 - 872 - 7116

Coversheetlocal.wpd - 10/17/02)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as requir by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the u of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Chabad-Lubavitch of Greater Milford, Inc

**DEFENDANTS** Town of Holliston and Andrew Porter

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert N. Meltzer
PO Box 1459
Framingham MA 01701
508-872-7116

ATTORNEYS (IF KNOWN)
William Mayer

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)
| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ | ☑ | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justic |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☑ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Violation of protected First and Fourteenth Amendment - menorah on public property

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE: 12/12/03
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____